1  RICHARD F. HOLLEY ESQ.
   Nevada Bar No. 3077
2  E-mail: rholley@nevadafirm.com
   F. THOMAS EDWARDS, ESQ.
3  Nevada Bar No. 9549
   E-mail: tedwards@nevadafirm.com
4  MARY LANGSNER, Ph.D.
   Nevada Bar No. 13707
5  E-mail: mlangsner@nevadafirm.com
   HOLLEY DRIGGS, WALCH
6  FINE WRAY PUZEY & THOMPSON
   400 South Fourth Street, Third Floor
7  Las Vegas, Nevada 89101
   Telephone: 702/791-0308
8  *Attorneys for Bank of the West, a California banking corporation*

9

10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

11

| | |
|---|---|
| 12 BANK OF THE WEST, a California banking corporation, | Case No. 3:18-cv-00187-LRH-CBC |
| 13                Plaintiff, | **Stipulation for Leave to File First Amended Complaint** |
| 14     v. | |
| 15 PATRICK R. SMORRA, SR., an individual; PATRICK R. SMORRA, JR., an individual; | |
| 16 ANITA SMORRA, an individual, | |
| 17              Defendants. | |

18

19        Plaintiff Bank of the West, a California banking corporation ("Plaintiff"), by and through

20 its counsel, Richard F. Holley, Esq., F. Thomas Edwards, Esq., and Mary Langsner, Ph.D., of the

21 law firm Holley Driggs Walch Fine Wray Puzey & Thompson; and defendants Patrick R. Smorra,

22 Sr. ("Smorra Senior"), Patrick R. Smorra, Jr. ("Smorra Junior"), and Anita Smorra ("Mrs.

23 Smorra"), by and through their counsel, Kelly H. Dove, Esq. and Michael Paretti, Esq., of the law

24 firm Snell & Wilmer L.L.P.; hereby stipulate and agree to the amendment of Plaintiff's complaint

25 pursuant to FED. R. CIV. P. 15(a)(2), as follows:

26       1.     On April 27, 2018, Plaintiff filed a Complaint against Defendants Smorra Senior,

27

Smorra Junior, and Mrs. Smorra (collectively, "Defendants") in the above-referenced Action [ECF No. 1][1] ("Complaint") alleging fraudulent transfers of real property located in Douglas County, Nevada, identified by Assessor Parcel No. 1319-18-212-013 and commonly known as 213 Sunflower Circle, Stateline, Nevada, 89449 (the "Property").

      2.     Defendants' Answer was filed on August 3, 2018 [ECF No. 11].

      3.     On September 5, 2018, Defendants recorded another transfer of the Property between them. Plaintiff contends that this transfer subsequent to the filing of the Complaint is another fraudulent transfer, necessitating an amended complaint to address the transfer.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in the District of Nevada case identified in the caption above (this "Case") as they appear on the docket maintained by the District Court Executive/Clerk of Court of the United States District Court for the District of Nevada.

1    4.    Although Defendants dispute that any of the transfers of the Property were

2    fraudulent, and expressly reserve all rights and defenses, Plaintiff and Defendants stipulate to the

3    amendment of the Complaint in this Case, through the filing of Plaintiff's proposed First Amended

4    Complaint which is attached to this Stipulation as **Exhibit "1"**.

5    **IT IS SO STIPULATED.**

6    DATED this <u>23rd</u> day of October 2018.        DATED this <u>23rd</u> day of October 2018.

7    **HOLLEY DRIGGS WALCH**                    **SNELL & WILMER L.L.P.**
     **FINE WRAY PUZEY & THOMPSON**

8

9         <u>/s/ F. Thomas Edwards</u>                    <u>/s/ Kelly H. Dove</u>
     RICHARD F. HOLLEY, ESQ. (NBN 3077)        KELLY H. DOVE, ESQ. (NBN 10569)

10   F. THOMAS EDWARDS, ESQ. (NBN 9549)        MICHAEL PARETTI, Esq. (NBN 13926)
     MARY LANGSNER, Ph.D. (NBN 13707)          3883 Howard Hughes Pkwy, Suite 1100

11   400 South Fourth Street, Third Floor         Las Vegas, Nevada 89169
     Las Vegas, Nevada 89101                   *Attorneys for Defendants Patrick R. Smorra,*

12   *Attorneys for Bank of the West, a California*   *Sr.; Patrick R. Smorra, Jr.; Anita Smorra*
     *banking corporation*

13

14

15

16

17                                            IT IS SO ORDERED:

18                                            _____
                                              (United States Magistrate Judge

19                                            DATED: <u>10/24/2018</u>

20   07296-36/2112797_2.docx

21

22

23

24

25

26

27                                    - 3 -

# EXHIBIT "1"

First Amended Complaint

1   RICHARD F. HOLLEY ESQ.
    Nevada Bar No. 3077
2   E-mail: rholley@nevadafirm.com
    F. THOMAS EDWARDS, ESQ.
3   Nevada Bar No. 9549
    E-mail: tedwards@nevadafirm.com
4   MARY LANGSNER, Ph.D.
    Nevada Bar No. 13707
5   E-mail: mlangsner@nevadafirm.com
    HOLLEY DRIGGS, WALCH
6   FINE WRAY PUZEY & THOMPSON
    400 South Fourth Street, Third Floor
7   Las Vegas, Nevada 89101
    Telephone: 702/791-0308
8
    Attorneys for Bank of the West, a California banking corporation
9

10                  UNITED STATES DISTRICT COURT

11                       DISTRICT OF NEVADA

12  BANK OF THE WEST, a California banking          Case No. 3:18-cv-00187-LRH-CBC
    corporation,
13                                                  First Amended Complaint
                         Plaintiff,
14
         v.
15
    PATRICK R. SMORRA, SR., an individual;
16  PATRICK R. SMORRA, JR., an individual;
    ANITA SMORRA, an individual,
17
                         Defendants.
18

19       Bank of the West, a California banking corporation ("Plaintiff"), by and through its

20  attorneys, Richard F. Holley, Esq., F. Thomas Edwards, Esq., and Mary Langsner, Ph.D. of the

21  law firm Holley Driggs Walch Fine Wray Puzey & Thompson, files this First Amended Complaint

22  against Defendants Patrick R. Smorra, Sr. ("Smorra Senior"), an individual; Patrick R. Smorra, Jr.

23  ("Smorra Junior"), an individual; and Anita Smorra ("Mrs. Smorra"), an individual (collectively,

24  "Defendants"), as follows:

25                   JURISDICTION AND VENUE

26       1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because

27  of diversity of citizenship. The amount in controversy exceeds $75,000.00 exclusive of interest

                                - 1 -

1   and costs, and this Action is between a Plaintiff that is a California banking corporation and

2   Defendants who are citizens and residents of West Bloomfield, Michigan (Smorra Senior and Mrs.

3   Smorra), and Nevada (Smorra Junior).

4         2.      The Court has jurisdiction over the Defendants because the Defendants have owned

5   and/or transferred real property located in Nevada, have engaged and continue to engage in

6   fraudulent transfers involving real property located in Nevada described herein.

7         3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

8   substantial part of the events or omissions giving rise to the claims occurred in the State of Nevada

9   and a substantial part of property that is the subject of the Action is situated in the State of Nevada.

10                                           **PARTIES**

11         4.      Plaintiff Bank of the West is, and at all times relevant herein was, a California

12   banking corporation and Judgment creditor of Defendants Smorra Senior and Smorra Junior, and

13   Plaintiff is the holder of a Judgment against Smorra Senior and Smorra Junior, and others, which

14   has been domesticated to the State of Nevada.

15         5.      Plaintiff is informed and believes and thereupon alleges that Defendant Smorra

16   Senior is an individual residing in the city of West Bloomfield, Michigan, who formerly and/or

17   currently owns real property situated in the State of Nevada, Douglas County, as a result of

18   fraudulent transfers, and is the husband of Mrs. Smorra and the father of Smorra Junior.

19         6.      Plaintiff is informed and believes and thereupon alleges that Defendant Mrs.

20   Smorra is a resident of West Bloomfield, Michigan, who currently owns real property in the State

21   of Nevada, Douglas County, as a result of fraudulent transfers, and is the wife of Smorra Senior

22   and the mother of Smorra Junior.

23         7.      Plaintiff is informed and believes and thereupon alleges that Defendant Smorra

24   Junior is, and at all relevant times has been, an individual residing in the City of Stateline, Douglas

25   County, Nevada; currently owns and formerly owned real property in the State of Nevada, Douglas

26   County, as a result of fraudulent transfers; and is the son of Mrs. Smorra and Smorra Senior.

27   . . .

1   GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

2        8.     Plaintiff repeats and realleges the preceding allegations and, by this reference,
3   incorporates the same as though fully set forth herein.

4        9.     On January 22, 2016, Plaintiff commenced an action against Smorra Junior, Smorra
5   Senior, and Napa Chrysler, Inc. doing business as Napa Chrysler Jeep Dodge Ram Volvo Kia
6   ("Napa Chrysler"), entitled Bank of the West v. Napa Chrysler, Inc., et. al., Case No. C16-00145
7   (the "California Action") in the Superior Court of the State of California, County of Contra Costa
8   (the "California Court").

9        10.    A receiver was eventually appointed in the California Action. The same day,
10   February 11, 2016, Napa Chrysler filed for bankruptcy, commencing Bankr. N.D. Cal. Case No.
11   16-10087 (the "Napa Bankruptcy").

12        11.    On May 11, 2016, Plaintiff obtained entries of default in the California Action
13   against Smorra Senior and Smorra Junior (who, together, were the Guarantors), after neither
14   answered the complaint in the California Action.

15        12.    On February 2, 2017, more than one (1) year after the California Action was
16   commenced and approximately five (5) months before the Judgment (hereinafter defined infra)
17   was entered and filed with the Court, CNADY, LLC, an Arizona limited liability company,
18   executed a Grant, Bargain and Sale Deed ("CNADY Deed") in favor of Smorra Junior as a single
19   man and Mrs. Smorra as a married woman as her sole and separate property as joint tenants with
20   rights of survivorship, to transfer 100% of its interest in real property located in Douglas County,
21   Nevada, described as Lot 18, as shown on the official map of Kingsbury Acres Unit No. 3, recorded
22   in the Office of the Douglas County Recorder on April 5, 1965, as Document No. 894455,
23   identified as Assessor's Parcel No. 1319-18-212-013 (the "Property").

24        13.    The CNADY Deed was recorded in Douglas County, Nevada, on February 8, 2017,
25   as Document No. 2017-894455.

26        14.    That same day, a Grant, Bargain and Sale Deed executed by Smorra Senior in favor
27   of his wife Mrs. Smorra, transferring his interest in the Property to Mrs. Smorra to the extent he

- 3 -

1  acquired interest therein by way of his marriage to her, recorded in Douglas County, Nevada, as

2  Document No. 2017-894454 (the "First Fraudulent Transfer").

3       15.    According to the State of Nevada Declaration of Value attached as the last page of

4  the First Fraudulent Transfer, Smorra Senior transferred 100% of his interest in the Property and,

5  pursuant to NRS 375.090, claimed an exemption to the transfer tax that would otherwise be

6  imposed upon this transfer of his interest. An exemption was claimed on the basis that the transfer

7  of all of Smorra Senior's interest in the Property to Mrs. Smorra was "spouse to spouse without

8  consideration," as set forth under section 4 of the Declaration of Value.

9       16.    Upon information and belief, Smorra Senior did not receive any consideration from

10  his wife, Mrs. Smorra, for the transfer of all his interest in the Property to her.

11       17.    On April 10, 2017, Plaintiff filed a motion for relief from the automatic stay in the

12  Napa Bankruptcy to proceed to judgment against Smorra Junior, Smorra Senior, and Napa

13  Chrysler [Napa Bankruptcy ECF No. 137[1]] ("Stay Relief Motion"). A hearing was set for May 4,

14  2017, on the Stay Relief Motion.

15       18.    Shortly thereafter, on April 24, 2017, Smorra Junior executed and caused to be

16  recorded a Quit Claim Deed of his interest in the Property, transferring his interest in the Property

17  to his mother, Mrs. Smorra, "for good consideration and for the sum of Ten Dollars ($10.00) . . ."

18  in exchange for Smorra Junior's "remise, release and quitclaim unto [Mrs. Smorra] forever, all the

19  right, title, interest and claim which [Smorra Junior] has in and to [the Property] . . ." (the "Second

20  Fraudulent Transfer").

21       19.    The Second Fraudulent Transfer was recorded in Douglas County, Nevada, as

22  Document No. 2017-897730. This transfer of the Property from Smorra Junior to Mrs. Smorra

23  occurred over one (1) year after Plaintiff had commenced litigation against Smorra Junior and

24  exactly two weeks after Plaintiff sought to proceed to judgment on defaults entered in the

25

26  _____

[1] All references to "Napa Bankruptcy ECF No." are to the numbers assigned to the documents
27  filed in the Napa Bankruptcy as they appear on the docket maintained by the Clerk of Court of the
United States District Court for the Northern District of California.

California Action against Smorra Junior and his father, and at a time when Smorra Junior was facing responsibility for a substantial debt in excess of $1.5 million related to personal guaranty of debt incurred by Napa Chrysler.

20.   The Second Fraudulent Transfer was recorded approximately two (2) months before the California Court entered Judgment against Smorra Junior in the California Action.

21.   Upon information and belief, Smorra Junior did not receive any consideration from his mother, Mrs. Smorra, for the transfer by quitclaim deed of all his interest in the Property to her.

22.   On May 4, 2017, Plaintiff was granted relief from the automatic stay in the Napa Bankruptcy [Napa Bankruptcy ECF No. 142].

23.   On June 13, 2017, Plaintiff sought entry of default judgments against Smorra Senior and Smorra Junior in the California Action.

24.   On July 3, 2017, the California Court entered a judgment in the California Action (i) in favor of Plaintiff and against Napa Chrysler in the amount of $1,542,336.99 including reasonable attorney fees and costs, with interest continuing to accrue at the legal rate; (ii) in favor of Plaintiff and against Smorra Junior and Smorra Senior jointly and severally in the amount of $1,542,336.99 including reasonable attorney fees and costs, with interest continuing to accrue at the legal rate; and (iii) in favor of Plaintiff and against Napa Chrysler in the amount of $993,515.07 including reasonable attorney fees and costs, with interest continuing to accrue at the legal rate (the "Judgment"). The Judgment also provided, "damages are to be paid jointly and severally by the Defendants . . . ."

25.   On August 21, 2017, Plaintiff domesticated the Judgment in the State of Nevada, by way of Eighth Judicial District Court Case No. A-17-760296-F (the "Nevada Collection Action").

26.   On October 5, 2017, in the Nevada Collection Action, Plaintiff procured an Order for Examination of Judgment Debtor Patrick R. Smorra Jr., establishing a judgment debtor examination of Smorra Junior to occur November 7, 2017, at 1:00 p.m. (the "Judgment Debtor

1  Exam"), with an attendant antecedent deadline for document production pursuant to same. Smorra

2  Junior did not comply with either deadline.

3         27.     Therefore, in connection with the Nevada Collection Action, a Notice of

4  continuance of the Judgment Debtor Exam was issued as a courtesy, re-setting the Judgment

5  Debtor Exam and establishing another antecedent deadline for document production in advance

6  thereof. Again, Smorra Junior did not comply with either deadline.

7         28.     After Plaintiff's counsel indicated in writing that Smorra Junior's actions rose to

8  the level of contempt and also requested a meet and confer, Smorra Junior issued an email stating

9  he intended to file bankruptcy. Smorra Junior did not file bankruptcy, however.

10         29.     Thereafter, on December 14, 2017, a Notice of Filing Application of Foreign

11  Judgment Against Smorra Senior and Smorra Junior was recorded in Douglas County, Nevada, as

12  Document No. 2017-908046.

13         30.     Plaintiff's Complaint in this Action was filed on April 27, 2018.

14         31.     On July 27, 2018, a Notice of Pendency of Action Affecting Real Property [see

15  ECF No. 10][2] was recorded in Douglas County, Nevada, as Document No. 2018-917348.

16         32.     On July 31, 2018, Plaintiff served upon Defendants a Three-Day Notice of Intent

17  to Take Default Against Defendants Patrick R. Smorra, Sr.; Patrick R. Smorra, Jr.; and Anita

18  Smorra in this Action (the "Notice of Intent to Take Fraudulent Transfer Default").

19         33.     On August 3, 2018, Defendants' answer was filed in this Action.

20         34.     On September 5, 2018, Defendants caused to be recorded a third transfer deed in

21  Douglas County, Nevada, regarding the Property, wherein by Quitclaim Deed Mrs. Smorra and

22  Smorra Senior "a married couple," for consideration of $1.00 (one dollar), "convey[ed], release[d]

23  and quitclaim[ed]" to Smorra Junior "a fifty percent (50%) interest in the [Property] (the "Third

24  Fraudulent Transfer").

25

26        [2] All references to "ECF No." are to the numbers assigned to the documents filed in the case

27  identified in the caption above ("Case"), as they appear on the docket maintained by the District
    Court Executive/Clerk of Court of the United States District Court for the District of Nevada.

1    35.    The Third Fraudulent Transfer was recorded in Douglas County, Nevada, as

2    Instrument No. 2018-919182.

3    36.    The State of Nevada Declaration of Value form attached as the last page to the

4    Third Fraudulent Transfer indicates that Mrs. Smorra and Smorra Senior facilitated a "Transfer of

5    title without consideration from parents to son[.]".

6    37.    Upon information and belief, Smorra Senior and Mrs. Smorra did not receive any

7    consideration from their son, Smorra Junior, for the transfer of interest(s) in the Property to Smorra

8    Junior.

9    <u>FIRST CAUSE OF ACTION</u>

10    Fraudulent Transfer Of Property—Smorra Senior and Mrs. Smorra

11    38.    Plaintiff repeats and realleges the preceding allegations and by this reference

12    incorporates the same as though fully set forth herein.

13    39.    Defendants violated Nevada's Uniform Fraudulent Transfer Act through their

14    actions described herein.

15    40.    On or about February 2017, Smorra Senior transferred the full extent of his interest

16    in the Property to Mrs. Smorra, which interest had been acquired by way of his marriage to Mrs.

17    Smorra, through execution and recordation of the First Fraudulent Transfer.

18    41.    Before the First Fraudulent Transfer was made in February 2017, Smorra Senior

19    had been sued in the California Action in January 2016, over one (1) year prior, and default against

20    him had been taken in a suit which would eventually proceed to the Judgment against him.

21    42.    The transfer of the Property from Smorra Senior to his wife, Mrs. Smorra, pursuant

22    to the First Fraudulent Transfer, occurred approximately five (5) months before the Judgment was

23    entered on July 3, 2017.

24    43.    Mrs. Smorra is the wife of, and therefore an insider to, Smorra Senior.

25    44.    The First Fraudulent Transfer, made by Smorra Senior to Mrs. Smorra, is fraudulent

26    as to Plaintiff whose claim arose before the First Fraudulent Transfer was made.

27    . . .

1    45.    Upon information and belief, Smorra Senior made the First Fraudulent Transfer
2 with actual intent to hinder, delay or defraud Plaintiff.

3    46.    Upon information and belief, Smorra Senior made the First Fraudulent Transfer
4 without receiving a reasonably equivalent value in exchange for the First Fraudulent Transfer.

5    47.    Upon information and belief, Smorra Senior was engaged or was about to engage
6 in a business or a transaction for which his remaining assets were unreasonably small in relation
7 to the business or transaction.

8    48.    Upon information and belief, Smorra Senior intended to incur, or believed or
9 reasonably should have believed that he would incur, debts beyond his ability to pay as they
10 became due, in light of the pending California Action commenced more than one (1) year prior to
11 the First Fraudulent Transfer.

12    49.    Upon information and belief, Smorra Senior was insolvent at the time of the First
13 Fraudulent Transfer or became insolvent as a result of the First Fraudulent Transfer.

14    50.    The First Fraudulent Transfer was made to an insider, Mrs. Smorra, Smorra
15 Senior's wife.

16    51.    Upon information and belief, Smorra Senior retained possession or control of the
17 Property after the First Fraudulent Transfer.

18    52.    Before the First Fraudulent Transfer was made, Smorra Senior had been sued or
19 threatened with suit by Plaintiff.

20    53.    Upon information and belief, the First Fraudulent Transfer was of substantially all
21 of Smorra Senior's assets.

22    54.    Upon information and belief, the First Fraudulent Transfer occurred shortly before
23 or shortly after a substantial debt was incurred by Smorra Senior.

24    55.    Upon information and belief, Smorra Senior transferred essential assets to Mrs.
25 Smorra.

26    56.    As a direct and proximate result of the conduct by the Defendants, Plaintiff has
27 been damaged in a substantial sum, in excess of $75,000.00.

- 8 -

57.     Plaintiff has, by reason of the foregoing, been required to obtain the services of an attorney and is entitled to recover its reasonable attorney fees and costs from the Defendants.

## SECOND CAUSE OF ACTION

### Fraudulent Transfer of Property—Smorra Junior and Mrs. Smorra

58.     Plaintiff repeats and realleges the preceding allegations and by this reference incorporates the same as though fully set forth herein.

59.     On or about April 2017, Smorra Junior transferred the full extent of his interest in the Property to Mrs. Smorra, through execution and recordation of the Second Fraudulent Transfer.

60.     Before the Second Fraudulent Transfer was made in April 2017, Smorra Junior had been sued in the California Action in January 2016, over one (1) year prior, and default against him had been taken in a suit which would eventually proceed to the Judgment against him.

61.     The transfer of the Property from Smorra Junior to Mrs. Smorra occurred over one (1) year after Plaintiff commenced litigation against Smorra Junior, and he was facing a substantial debt in excess of $1.5 million arising from his personal guaranty of debt incurred by Napa Chrysler.

62.     The transfer of the Property from Smorra Junior to his mother, Mrs. Smorra, pursuant to the Second Fraudulent Transfer, occurred approximately three (3) months before the Judgment was entered on July 3, 2017.

63.     Mrs. Smorra is the mother of, and therefore an insider to, Smorra Junior.

64.     The Second Fraudulent Transfer, made by Smorra Junior to Mrs. Smorra, is fraudulent as to Plaintiff, whose claim arose before the Second Fraudulent Transfer was made.

65.     Upon information and belief, Smorra Junior made the Second Fraudulent Transfer with actual intent to hinder, delay or defraud Plaintiff.

66.     Upon information and belief, Smorra Junior made the Second Fraudulent Transfer without receiving a reasonably equivalent value in exchange for the Second Fraudulent Transfer.

67.     Upon information and belief, Smorra Junior was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

68.     Upon information and belief, Smorra Junior intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due, in light of the pending California Action commenced more than one (1) year prior to the Second Fraudulent Transfer.

69.     Upon information and belief, Smorra Junior was insolvent at that time of the Second Fraudulent Transfer or became insolvent as a result of the Second Fraudulent Transfer.

70.     The Second Fraudulent Transfer was made to an insider, Mrs. Smorra, Smorra Junior's mother.

71.     Upon information and belief, Mrs. Smorra had reasonable cause to believe that Smorra Junior was insolvent at the time of the Second Fraudulent Transfer.

72.     Upon information and belief, Smorra Junior retained possession or control of the Property after the Second Fraudulent Transfer.

73.     Before the Second Fraudulent Transfer was made, Smorra Junior had been sued or threatened with suit, by Plaintiff.

74.     Upon information and belief, the Second Fraudulent Transfer was of substantially all of Smorra Junior's assets.

75.     Upon information and belief, the Second Fraudulent Transfer occurred shortly before or shortly after a substantial debt was incurred by Smorra Junior.

76.     Upon information and belief, Smorra Junior transferred essential assets to Mrs. Smorra.

77.     As a direct and proximate result of the conduct by the Defendants, Plaintiff has been damaged in a substantial sum, in excess of $75,000.00.

78.     Plaintiff has, by reason of the foregoing, been required to obtain the services of an attorney and is entitled to recover its reasonable attorney fees and costs from the Defendants.

. . .

. . .

. . .

THIRD CAUSE OF ACTION

Civil Conspiracy—All Defendants

79.     Plaintiff repeats and realleges the preceding allegations and by this reference incorporates the same as though fully set forth herein.

80.     Upon information and belief, the Defendants conspired and agreed with each other to commit the aforementioned transactions to hide, transfer, encumber and/or accept the transferred Property with the intent of hindering, delaying, and/or defrauding the Plaintiff in its collection of the Judgment.

81.     As a direct and proximate result of the conduct by Defendants, Plaintiff has been damaged in a substantial sum, in excess of $75,000.00.

82.     Plaintiff has, by reason of the foregoing, been required to obtain the services of an attorney and is entitled to recover its reasonable attorney fees and costs from Defendants.

FOURTH CAUSE OF ACTION

Declaratory Relief Under 28 U.S.C. § 2201—All Defendants

83.     Plaintiff repeats and realleges the preceding allegations and by this reference incorporates the same as though fully set forth herein.

84.     An actual, justiciable controversy exists between Plaintiff and Defendants regarding the nature of the transactions described herein, resulting in the transfer of the Property from Smorra Senior to his wife Mrs. Smorra, without consideration for the transfer of the real property asset in which Smorra Senior held an interest.

85.     Plaintiff commenced the California Action against Smorra Senior, and is searching to execute upon and apply the asset consisting of the Property towards the satisfaction of the Judgment.

86.     An actual, justiciable controversy exists between Plaintiff and Defendants regarding the nature of the transactions described herein, resulting in the transfer of the Property from Smorra Junior to his mother Mrs. Smorra without consideration for the real property asset in which Smorra Junior held an interest as a joint tenant in common with a right of survivorship.

- 11 -

87.     Plaintiff commenced the California Action against Smorra Junior, and is searching to execute and apply the asset consisting of the Property towards the satisfaction of the Judgment.

88.     An actual, justiciable controversy exists between Plaintiff and Defendants regarding the nature of the transactions described herein, resulting in the transfer of interest(s) in real property pursuant to the Third Fraudulent Transfer.

89.     Plaintiff contends that the aforementioned transactions are fraudulent transfers and that Plaintiff may execute upon and apply the asset consisting of the Property, based upon the fraudulent transfers and other property interests, toward the satisfaction of the Judgment.

90.     Plaintiff also contends the enforceability of any purported homestead exemption under Nevada law.

91.     Notwithstanding the foregoing, upon information and belief, Defendants contend that the transactions identified herein identified are not fraudulent transfers and that Plaintiff may not execute upon and apply the Property toward satisfaction of the Judgment.

92.     Plaintiff is entitled to a declaratory judgment and determination that the three transfer transactions described herein (identified by the First Fraudulent Transfer, the Second Fraudulent Transfer, and the Third Fraudulent Transfer) are fraudulent transfers and that Plaintiff may execute upon and apply the asset consisting of the Property, based upon the fraudulent transfers and other property interests, toward the satisfaction of the Judgment.

93.     A judicial determination is necessary and appropriate at this time and under the circumstances so that Plaintiff may ascertain its rights in connection the transactions described herein, which are fraudulent.

94.     Plaintiff has, by reason of the foregoing, been required to obtain the services of an attorney and is entitled to recover its reasonable attorney fees and costs from Defendants.

## FIFTH CAUSE OF ACTION

### Fraudulent Transfer of Property—All Defendants

95.     Plaintiff repeats and realleges the preceding allegations and by this reference incorporates the same as though fully set forth herein.

96.     Plaintiff's Complaint in this Action was filed on April 27, 2018.

97.     After recordation on July 27, 2018, of the Notice of Pendency of Action Affecting Real Property in Douglas County, Nevada, Plaintiff served Defendants with the Notice of Intent to Take Fraudulent Transfer Default on July 31, 2018.

98.     Thereafter, on August 3, 2018, Defendants' answer was filed in this Action.

99.     On September 5, 2018, the Third Fraudulent Transfer among Defendants recorded in Douglas County, Nevada, wherein by Quitclaim Deed Mrs. Smorra and Smorra Senior "a married couple" purported to transfer to Smorra Junior, for consideration of $1.00 (one dollar), a "fifty percent (50%) interest in the [Property]" ("Third Fraudulent Transfer").

100.    The State of Nevada Declaration of Value form attached as the last page to the Third Fraudulent Transfer indicated that Mrs. Smorra and Smorra Senior facilitated a "Transfer of title without consideration from parents to son[.]".

101.    Upon information and belief, and based upon section 4 of the State of Nevada Declaration of Value Form attached as the last page to the Third Fraudulent Transfer, Smorra Senior and Mrs. Smorra (together, the "Parents Smorra") did not receive any consideration from their son, Smorra Junior, for the transfer of any interest(s) in the Property to him.

102.    Mrs. Smorra is the mother of Smorra Junior and therefore an insider to Smorra Junior.

103.    Smorra Senior is the father of Smorra Junior and therefore an insider to Smorra Junior.

104.    The Third Fraudulent Transfer was a transfer of a fifty-percent interest allegedly held by Parents Smorra in the Property, to their son.

105.    The Third Fraudulent Transfer, made by Parents Smorra to Smorra Junior, is fraudulent as to Plaintiff, whose claim arose before the Third Fraudulent Transfer was made.

106.    Upon information and belief, the Parents Smorra made the Third Fraudulent Transfer with actual intent to hinder, delay or defraud Plaintiff.

. . .

107. Upon information and belief, the Parents Smorra made the Third Fraudulent Transfer without receiving a reasonably equivalent value in exchange for the Third Fraudulent Transfer.

108. Upon information and belief, the Parents Smorra were engaged or were about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

109. Upon information and belief, the Parents Smorra intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due, in light of the pending California Action commenced more than one (1) year prior to the transfer and in light of this Action pending for nearly five (5) months prior to Third Fraudulent Transfer.

110. Upon information and belief, the Parents Smorra were insolvent at that time of the Third Fraudulent Transfer or became insolvent as a result of the Third Fraudulent Transfer.

111. The Third Fraudulent Transfer was made to an insider, Smorra Junior, the son of Parents Smorra.

112. Upon information and belief, Smorra Junior had reasonable cause to believe that Parents Smorra were insolvent at the time of the Third Fraudulent Transfer.

113. Upon information and belief, Parents Smorra retained possession or control of the Property after the Third Fraudulent Transfer.

114. Before the Third Fraudulent Transfer was made, Parents Smorra had been sued or threatened with suit by Plaintiff.

115. Upon information and belief, the Third Fraudulent Transfer was of substantially Parents Smorra's assets.

116. Upon information and belief, the Third Fraudulent Transfer occurred shortly before or shortly after a substantial debt was incurred by Parents Smorra.

117. Upon information and belief, Parents Smorra transferred essential assets to Smorra Junior.

118.   As a direct and proximate result of the conduct by the Defendants, Plaintiff has been damaged in a substantial sum, in excess of $75,000.00.

119.   Plaintiff has, by reason of the foregoing, been required to obtain the services of an attorney and is entitled to recover its reasonable attorney fees and costs from the Defendants.

<u>DEMAND</u>

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.   For all damages allowed by law as to each of Plaintiff's Causes of Action;

2.   For prejudgment and post-judgment interest, at the highest rate permitted by applicable law;

3.   For a declaration by the Court that that the transactions described herein relating to the Property are fraudulent transfers, and Plaintiff may execute upon and apply the asset consisting of the Property, based upon the fraudulent transfers and other property interests, toward the satisfaction of the Judgment;

4.   For all remedies permitted under the Nevada Uniform Fraudulent Transfer Act including, without limitation, a judgment against Mrs. Smorra for the value of the asset transferred in First Fraudulent Transfer and Second Fraudulent Transfer and the avoidance of Third Fraudulent Transfer;

5.   For an order of attachment and/or garnishment against the fraudulently transferred asset consisting of the Property and other property of the transferees;

6.   For an injunction against further disposition by the Defendants of the fraudulently transferred asset consisting of the Property and of any other property until the Judgment, plus attorney fees and interests and costs as allowed by law are satisfied in full;

7.   For the appointment of a receiver to take charge of the Property or of other property of the transferees;

8.   For all costs and expenses, including reasonable attorney fees, incurred by Plaintiff in connection with the commencement and prosecution of this Action, and

. . .

- 15 -

1     9.     For such other and further relief as the Court deems just and proper.

2     DATED this _____ day of October 2018.

3                         HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON

RICHARD F. HOLLEY, ESQ. (NBN 3077)
F. THOMAS EDWARDS, ESQ. (NBN 9549)
MARY LANGSNER, Ph.D. (NBN 13707)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

Attorneys for Bank of the West, a California
banking corporation

07296-36/2100059_4.docx

- 16 -